**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**BEAUFORT DIVISION**

JOHN BACCUS a/k/a JOHN BACCUS ) 
ROOSEVELT,                     )
                               )
            Plaintiff,         )
                               )
    vs.                        )    No. 9:19-cv-02919-DCN-BM
                               )
THE STATE OF SOUTH CAROLINA    )        **ORDER**
CRIMINAL JUSTICE SYSTEM; *Prison* )
*Keeper* BRIAN P. STIRLING; *Warden* )
SCOTT LEWIS; C. EARLY; SUSAN   )
DUFFY; J. BENNETT; K. CONRAD; B. )
JACOBS; TAMARA CONWELL; and    )
PRESTON JOHNSON,               )
                               )
            Defendants.        )
_____)

This matter is before the court on remand from the United States Court of Appeals for the Fourth Circuit, ECF No. 45. The Fourth Circuit vacated and remanded this court's order, ECF No. 28, adopting Magistrate Judge Bristow Marchant's report and recommendation ("R&R") that the court dismiss plaintiff John Baccus's ("Baccus") complaint, ECF No. 25. For the reasons set forth below, the court construes Baccus's filing, ECF No. 29-1 at 2, as an amended complaint and dismisses the amended complaint.

## I.  BACKGROUND

Baccus is an inmate at the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections. On October 16, 2019, Baccus filed a pleading titled "Extreme Emergency Petition Pursuant [to] 42 U.S.C. §[§] 1983 [and] 1985 for Violations of Petitions Thr[ough] Fourteenth Amendments Equal Protection Due Process

Rights," which was construed as a complaint. ECF No. 1, Compl. The complaint alleges that defendants retaliated against Baccus for submitting a "kiosk grievance" against prison employees. Id. at 1. Additionally, Baccus alleges that defendants supplied a fellow inmate with a pair of scissors to "put out a hit" on Baccus. Id. at 2. After the inmate allegedly attacked Baccus, causing severe lacerations, defendants allegedly refused to provide medical care to treat Baccus's injuries. Id.

Pursuant to 28 U.S.C. § 1915(A) and Local Civil Rule 73.02(B)(2) (D.S.C.), Baccus's complaint was referred to Magistrate Judge Marchant. On December 17, 2019, the magistrate judge issued an order stating that Baccus's complaint was subject to summary dismissal pursuant to Federal Rule of Civil Procedure 8(a) for failure to state a claim and for failure to assert a cognizable request for relief. ECF No. 6 at 1. The magistrate judge also explained that Baccus had failed to attach the proper documents, including completed summons forms and Forms USM-285. Id. at 2–3. The magistrate judge directed Baccus to file an amended complaint and the necessary paperwork within twenty-one days. Id. at 2. On February 10, 2020, the magistrate judge issued a second order stating that the case was not in proper form and again directed Baccus to file an amended complaint along with the necessary paperwork. ECF No. 18. Baccus did not file an amended complaint in a timely manner and instead filed objections to the proper form order, arguing that this court and the magistrate judge should be recused. See generally ECF No. 21. On March 17, 2020, Magistrate Judge Marchant issued the R&R, recommending that the court dismiss Baccus's complaint for failure to state a claim and for failure to bring his case into proper form. ECF No. 25 at 2–4. On April 2, 2020, Baccus filed his objections to the R&R. ECF No. 27. Separately, on April 7, 2020,

Baccus filed another one-page objection to the R&R. ECF No. 29. On April 8, 2020, the court adopted the R&R and dismissed the case without prejudice. ECF No. 28. Baccus appealed, but the appeal came after the deadline for him to file a timely notice of appeal. At the Fourth Circuit's instruction, the court reissued its order, thus reopening the appeal period. ECF No. 42. On January 5, 2022, the Fourth Circuit vacated and remanded the court's decision for further proceedings. ECF No. 45.

## II.  STANDARD

### A.  Pro Se Litigants

Petitioner is proceeding pro se in this case. Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978). A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### B.  Failure to Comply with Court Order

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied, 493 U.S. 1084 (1990); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982). In considering

whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of the plaintiff's responsibility in failing to respond;

> (2) the amount of prejudice to the defendant;

> (3) the history of the plaintiff in proceeding in a dilatory manner;[1] and,

> (4) the existence of less drastic sanctions other than dismissal.

---

[1] The court takes judicial notice that this suit is not plaintiff's "first rodeo." Plaintiff is an experienced "frequent filer" who has regularly brought claims in this court and others complaining of a myriad of maltreatment by prison officials. See, e.g., Baccus v. S.C. Dep't of Corr., No. 9:19-cv-00284-DCN (D.S.C. filed Apr. 27, 2020), aff'd, 823 F. App'x 207 (4th Cir. 2020), cert. denied, 141 S. Ct. 2659 (2021) (dismissing petition for writ of mandamus); Baccus v. Stirling ("Stirling II"), 8:18-cv-01880-JFA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), appeal denied, 776 F. App'x 142 (4th Cir. 2019) (dismissing case); Baccus v. Clements, 4:17-cv-01851-DCN, 2018 WL 11461947 (D.S.C. Jan. 23, 2018), aff'd, 728 F. App'x 233 (4th Cir. 2018), cert. denied, 139 S. Ct. 2018 (2019) (dismissing complaint); Baccus v. Stirling ("Stirling I"), No. 9:15-cv-02670-DCN, 2015 WL 12885321 (D.S.C. Dec. 9, 2015), aff'd, 639 F. App'x 187 (4th Cir. 2016), cert. denied, 137 S. Ct. 1097 (2017) (dismissing complaint); Baccus v. Byars ("Byars II"), No. 9:13-cv-02309-DCN, 2014 WL 1713621 (D.S.C. Apr. 30, 2014), appeal dismissed, No. 14-6955 (4th Cir. Aug. 26, 2014) (dismissing case); Baccus v. Richardson, 9:13-cv-01379-DCN, 2013 WL 6019432 (D.S.C. Nov. 13, 2013) (dismissing petition for writ of mandamus); Baccus v. Wickensimer, 9:13-cv-01977-DCN, 2013 WL 6019469 (D.S.C. Nov. 13, 2013) (dismissing case); Baccus v. South Carolina, 9:12-cv-02665, 2012 WL 5399921 (D.S.C. Nov. 5, 2012) (dismissing case); Baccus v. Florian, 9:12-cv-02440-DCN, 2012 WL 4984646 (D.S.C. Oct. 17, 2012) (dismissing complaint); Baccus v. Byars ("Byars I"), No. 9:11-cv-01280-DCN, 2011 WL 4368726 (D.S.C. Sept. 19, 2011), aff'd, No. 11-7426 (4th Cir. Feb. 3, 2012) (dismissing complaint); Baccus v. Cartledge, 9:11-cv-1754-DCN, 2011 WL 3794232 (D.S.C. Aug. 24, 2011), appeal dismissed, No. 11-7277 (4th Cir. Nov. 18, 2011) (dismissing petition); Baccus v. Scott, 9:10-cv-02862-DCN, 2011 WL 3104129 (D.S.C. July 25, 2011), aff'd, No. 11-7070 (4th Cir. Nov. 18, 2011) (dismissing case); Baccus v. Wilson, No. 9:08-cv-00326-DCN, 2008 WL 11449135 (D.S.C. Dec. 4, 2008), aff'd, No. 09-6032 (4th Cir. June 29, 2009) (dismissing case); Baccus v. Burt, No. 0:06-cv-01912-DCN, 2007 WL 1468700 (D.S.C. May 16, 2007), aff'd, No. 11-7101 (4th Cir. Nov. 18, 2011) (dismissing petition).

Indeed, the United States Supreme Court has directed the Clerk not to accept any further petitions in noncriminal matters from Baccus because he "has repeatedly abused this Court's process." S.C. Dep't of Corr., 141 S. Ct. 2659.

Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citing McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir. 1976)).

### C.  28 U.S.C. § 1915A

The magistrate judge reviewed Baccus's pro se complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A, the Prison Litigation Reform Act, Pub L. No. 104–134, 110 Stat. 1321 (1996).  The statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.  28 U.S.C. § 1915A(b)(1).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Wilcox v. Brown, 877 F.3d 161, 166 (4th Cir. 2017) (explaining that standards for dismissal under § 1915A for failure to state a claim are the same as for Fed. R. Civ. P. 12(b)(6)).  A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B).  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).

### III.  DISCUSSION

In its order vacating and remanding the court's decision, the Fourth Circuit found that the court's de novo review of the record only mentioned the receipt of Baccus's first objections to the R&R, ECF No. 27.  The Fourth Circuit noted that the court did not acknowledge the receipt of Baccus's other filing objecting to the R&R, ECF No. 29, which included an amended complaint and service of process documents in the attachments, ECF No. 29-1 at 2.  Accordingly, the Fourth Circuit determined that the court's dismissal rested on an erroneous factual premise, and the Fourth Circuit remanded the court's order for further proceedings without expressing a view on the merits of the

claims raised in the amended complaint.  ECF No. 45 at 2–3.  Having now reviewed the attachments to Baccus's objections, the court finds that dismissal is nevertheless warranted for two reasons.  First, Baccus's amended complaint and service of process documents were untimely and therefore still did not comply with the magistrate judge's order.  Second, the amended complaint itself does not remedy the issues that plagued Baccus's original complaint.

### A.  Failure to Comply with Court Order

As a preliminary matter, Baccus's amended complaint and service of process forms are untimely.  On February 10, 2020, the magistrate judge issued a second proper form order, providing Baccus with twenty-one days to file any amended complaint and fourteen days to file the proper paperwork (plus three additional days for each deadline to account for mail time).  ECF No. 18 at 2.  Accordingly, Baccus's amended complaint was due on March 5, 2020, and he was required to bring his case within proper form by February 27, 2020.  The court did not receive an amended complaint or the necessary service of process forms from Baccus in a timely manner, and the magistrate judge issued the R&R on March 17, 2020.  None of those documents were received until Baccus filed his objections to the R&R,[2] dated April 7, 2020, which included an "Amended Complaint

---

[2] The court previously overruled Baccus's objections, and the Fourth Circuit did not find that the court failed to properly consider those objections.  Nevertheless, for the sake of completeness, the court reiterates that those objections lack merit.  This is far from the first time that Baccus has claimed that the court is biased or impartial against him, as he did in his objections to the R&R.  The court has explained that Baccus's arguments do not warrant recusal, as reflected in one such case below:

> In support of his recusal argument, Baccus points to the magistrate judge's previous rulings and recommendations in this case.  These rulings do not, as Baccus suggests, indicate that the magistrate judge or any other judge in this district has improperly "prejudged" Baccus's claims.  See Liteky v.

for Violation of Civil Rights," ECF No. 29-1 at 2, and service of process forms, id. at 26–36. Notably, Baccus's amended complaint is undated and his service of process forms are dated April 2, 2020. The court can thus safely assume that Baccus prepared the amended complaint and service of process documents after the magistrate judge issued the R&R. Indeed, the Fourth Circuit noted in its opinion that Baccus's amended complaint and service of process documents are untimely. See ECF No. 45 ("Baccus filed an (untimely) amended complaint and service of process forms . . . .").

The untimeliness of Baccus's documents alone warrants the dismissal of this action. Baccus plainly ignored two orders from the magistrate judge explaining that Baccus's complaint was subject to dismissal without the necessary information and paperwork, including completed summons forms and Forms USM-285 for all defendants.[3] As noted before, under Federal Rule of Civil Procedure 41(b), a court may dismiss a complaint for failure to comply with a court order after considering: (1) "the

_____

United States, 510 U.S. 540, 555 (1994) ("Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); Belue v. Leventhal, 640 F.3d 567, 574 (4th Cir. 2011) ("[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor."). Baccus has not set forth—and the court cannot divine—any evidence that indicates that any of the judges assigned to this case are biased, prejudiced against Baccus, or otherwise should recuse themselves. An adverse ruling by the magistrate judge is simply not enough to demonstrate that recusal is appropriate.

Byars II, 2014 WL 1713621, at *3. The court once again finds that Baccus fails to raise an extrajudicial source of bias and overrules his objections.

[3] Furthermore, it appears that the summons form included in Baccus's attachments is still not in compliance with the magistrate judge's proper form order. The magistrate judge directed Baccus to include a summons form that listed all defendants and their addresses following the "TO:" line. ECF No. 18 at 2–3. Baccus's form only lists defendant Amy Enloe, who was not even a named defendant in the original complaint. ECF No. 29-1 at 26.

degree of personal responsibility on the part of the plaintiff"; (2) "the amount of prejudice to the defendant caused by the delay"; (3) "the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion"; and (4) "the effectiveness of sanctions less drastic than dismissal." Davis, 588 F.2d at 70 (4th Cir. 1978) (internal quotation marks and citation omitted).

Here, Baccus is proceeding pro se, so he is entirely responsible for his actions. It is solely through his neglect, and not that of an attorney, that the proper paperwork was not timely filed. The result—dismissal of his case—is not unfairly prejudicial because the magistrate judge independently agreed to review the merits of Baccus's original complaint for his benefit. The magistrate judge ultimately determined that the original complaint failed to state a claim on which relief may be granted, ECF No. 25 at 3–4, meaning dismissal for Baccus's failure to bring his case into form was not the only basis for the court's dismissal. The third factor likewise weighs against Baccus. As noted before, Baccus has a protracted history of bringing claims that have been deemed meritless. Finally, Baccus was provided with not one but two opportunities to bring his case into proper form. In such scenarios, a district court acts within its discretion when it decides that dismissal is the proper recourse. See Bowens v. Cannon, 2007 WL 621968, at *2 (D.S.C. Feb. 22, 2007) (construing the plaintiff's failure to respond to the court's orders as a desire to no longer pursue the action).

For those reasons, the court finds that although Baccus belatedly created an amended complaint and service of process forms, his failure to do so in a timely manner constituted a failure to comply with a court order, and dismissal remains warranted under Rule 41(b).

### B.  Failure to State a Claim

Alternatively, even if the court were to construe Baccus's amended complaint as properly filed, the court finds that it is nevertheless subject to dismissal.  For purposes of this section, the court presumes that Baccus's amended complaint is now the operative complaint.

In the R&R, the magistrate judge recommended that the original complaint be summarily dismissed for two reasons.  First, the magistrate judge determined that the complaint failed to allege facts sufficient to state a claim because Baccus's allegations were "generally incomprehensible" and "filled with . . . unconnected, conclusory, and unsupported comments."  ECF No. 25 at 3.  Second, the magistrate judge found that Baccus failed to assert a cognizable request for relief, and in the absence of a requested remedy, the action was barred under Article III of the Constitution.  Id. at 3–4 (citing Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (requiring the existence of a case or controversy for the exercise of judicial power)) (other citations omitted).  The court adopted the R&R in full.  ECF No. 28 at 2.

Baccus's amended complaint, even if properly before the court, does not redress those issues.  For instance, Baccus's amended complaint is still filled with conclusory and unsupported statements.  Baccus repeats his assertions that certain defendants filed "false and unjustified incident reports" against him, resulting in his "confine[ment] because of racial discrimination or in retaliation for exercising his First Amendment rights in complaining of racial discrimination."  ECF No. 29-1 at 6 ¶ 2.  But Baccus fails to specify how defendants racially discriminated against him, fails to allege what statements he made that allegedly resulted in retaliation, and fails to plead any facts that

9

support those claims.  Similarly, Baccus repeats the allegation that certain defendants supplied his fellow inmate, Preston Johnson, with a pair of scissors which were used by Johnson to attack Baccus, and that they failed to respond to Baccus's complaints about the incident.  Id. ¶ 3.  To be sure, a defendant acts with deliberate indifference if he or she knows of and disregards an excessive risk to inmate health or safety.  Levy v. State of Ill. Dep't of Corr., 1997 WL 112833, at *2 (N.D. Ill. Mar. 11, 1997) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).  But critically, Baccus fails to describe with any particularity how defendants were involved or how they failed to adequately respond.  For example, it is impossible to tell which of the six defendants named in this claim allegedly provided the scissors and which ones failed to respond to Baccus's grievance.  The amended complaint therefore fails to put each defendant on notice of the wrongful conduct alleged against him or her.

Baccus also includes new allegations that were not present in his original complaint.  These include allegations that defendant Amy Enloe prescribed medications to Baccus for conditions that he does not have, ECF No. 29-1 at 6 ¶ 1; that certain defendants deliberately prevented Baccus from receiving or keeping his legal mail and documents, id. ¶¶ 4–5; that certain defendants burned Baccus's hand with hot coffee, id. ¶ 6; and that one defendant sexually assaulted Baccus, id. ¶ 7.  All these claims either lack the necessary specificity to state a plausible claim for relief, fail to connect to a claimed violation of a constitutional right or federal law, or suffer from both defects.

Finally, Baccus's complaint still fails to seek a remedy that is capable of being redressed by the court.  Redressability assures the relevance of judicial intervention.  A plaintiff must show that it is likely, and not merely speculative, that a favorable decision

will remedy an injury.  <u>Dixon v. Edwards</u>, 290 F.3d 699, 711 (4th Cir. 2002).  As the magistrate judge noted when ruling on Baccus's original complaint, in the absence of a specific request for relief, the court is unable to determine whether it can redress any injuries Baccus may have suffered.  Thus, the court finds that the claims contained in Baccus's (untimely) amended complaint remain subject to summary dismissal.

## IV.   CONCLUSION

For the foregoing reasons, the court **DISMISSES** the complaint.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**January 30, 2023**
**Charleston, South Carolina**

11